UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOBY JO TODD,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | No. 2:16-cv-2498-KJN PS<br><br><br><br>ORDER |

Plaintiff, proceeding without counsel, commenced this social security action on October 19, 2016.[1] (ECF No. 1.) Pursuant to the court's October 21, 2016 scheduling order, plaintiff was required to file a motion for summary judgment and/or remand within 45 days from being served with a copy of the administrative record. (ECF No. 4.) On February 14, 2017, the Commissioner lodged the administrative record and served it on plaintiff by U.S. mail. (ECF Nos. 10, 11.) Plaintiff did not file a motion for summary judgment.

On May 10, 2017, this court ordered plaintiff to show cause in writing why this action should not be dismissed based upon her failure to file a motion for summary judgment and

---

[1] Both parties have consented to the jurisdiction of the United States Magistrate Judge in this matter. (ECF Nos. 6, 15.)

1

prosecute this case. (ECF No. 13.) Plaintiff was also ordered to file a motion for summary judgment that meets the requirements of the court's scheduling order, no later than June 12, 2017. (ECF No. 13.)

Plaintiff submitted a response to the court on June 8, 2017, asserting that her claim should not be dismissed "because to punish by dismissal is misunderstood for intent, when in fact it is my disability to follow instructions [sic]." (ECF No. 14.) Subsequently, the court informed plaintiff that "her response has not shown sufficient cause for her delay, nor does it qualify as a motion for summary judgment that meets the requirements of the court's prior scheduling order." (ECF No. 16.) The court also provided plaintiff with an additional opportunity to file a motion for summary judgment that meets the requirements of the scheduling order, by September 5, 2017. (Id.) Plaintiff was specifically cautioned that failure to timely respond to the order to show cause and to timely file a motion for summary judgment may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (Id.)

On September 6, 2017, plaintiff responded with a "separate statement," within which she writes about family court, junior high school, and the history of slavery. (ECF No. 17.) The court is sympathetic to plaintiff's situation, however, she has again failed to provide a proper response to the court's orders. At this juncture, the court concludes that dismissal is appropriate.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to

Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002); Ghazali, 46 F.3d at 53. The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

Here, the first two Ferdik factors support dismissal. Plaintiff failed to comply with several court orders, and failed to take the steps necessary to prosecute and move her case forward. The third Ferdik factor, prejudice to the defendant, also favors dismissal. At the very least, the Commissioner has been named in a civil action and has had progress towards resolution of the

matter delayed by plaintiff's actions.

The fifth Ferdik factor, availability of less drastic alternatives, also favors dismissal. Before recommending the harsh sanction of dismissal, the court, especially in light of plaintiff's *pro se* status, first issued an order to show cause, providing plaintiff with an opportunity to be heard, and also granted plaintiff an extension to file a motion for summary judgment and/or remand. However, plaintiff has failed to respond in a cogent way to the court's specific instructions. Her filings do not provide any argument or legal basis for challenging the decision of the Commissioner of the Social Security Administration. As such, the court has little confidence that plaintiff would comply meaningfully, even after an order to pay monetary sanctions. Furthermore, based on the nature of this action and the limited record, the court is unable to frame any other meaningful, less drastic sanctions, such as issue or evidentiary sanctions.

Finally, although the court recognizes the importance of the fourth Ferdik factor, which addresses the public policy favoring disposition of cases on the merits, that public policy is outweighed by the other Ferdik factors. If anything, a disposition on the merits has been hindered by plaintiff's own failure to comply with the court's orders and prosecute the case.

In sum, after a careful evaluation of all the Ferdik factors, the court finds that plaintiff's case should be dismissed.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. The action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court shall vacate all dates and close this case.

IT IS SO ORDERED.

Dated: October 3, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/ss.16-2498.todd.order 41b

4